IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE SCOTT,<br><br>   Plaintiff<br><br> v.<br><br>CVS,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) 2:21-cv-1207-NR<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

*Pro se* Plaintiff Roxanne Scott sued her former employer, CVS, alleging that it discriminated against her based on her race, created a hostile work environment, and retaliated against her.  ECF 3.  CVS moved to dismiss Ms. Scott's complaint or, in the alternative, compel arbitration.  ECF 8.  After carefully considering the parties' arguments, the arbitration agreement, and the applicable law, the Court will grant the motion to compel arbitration.

Evaluating a motion to compel arbitration entails two questions: "(1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement[.]" *State Farm Fire & Cas. Co. v. Marrero*, No. 18-433, 2019 WL 1227457, at *2 (E.D. Pa. Mar. 15, 2019) (citing *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009)).

As to the first element, the Federal Arbitration Act – which the agreement provides governs here (ECF 10, p. 6 ¶8d) – explains that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Under both the FAA and Pennsylvania law, "[a] district court has no discretion in determining

whether to enforce the arbitration agreement if a valid agreement exists." *Davis v. Cintas Corp.*, No. 18-1200, 2019 WL 2223486, at *5 (W.D. Pa. May 23, 2019) (Hornak, C.J.) (citations omitted).

Here, both parties clearly agreed to be bound by the arbitration agreement. *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009) (explaining that for contracts to be enforceable, "both parties [must] manifest[] an intent to be bound"). Ms. Scott had the opportunity to opt out of the arbitration agreement, but she did not do so. ECF 10, p. 6 ¶7. Instead, she signed the agreement, expressly acknowledging that this meant giving up her ability to file in court. *Id.* at ¶9.[1] There are otherwise no disputes as to the formation of the arbitration agreement that have been suggested to the Court.

The second element is easily met regarding both arbitrability and the merits. The CVS employment agreement Ms. Scott signed included an arbitration agreement that covers "disputes arising out of or relating to the validity, enforceability, or breach of this [arbitration] Agreement." ECF 10, p. 5 ¶2. Further, the agreement covers "any and all claims, disputes or controversies…that You may have, now or in the future, against CVS or one of its employees or agents, arising out of or related to Your employment with CVS, or the termination of Your employment." *Id.* This specifically includes "discrimination, retaliation, and termination arising under the Civil Rights Act of 1964[.]" *Id.*

And while Ms. Scott raises some arguments pertaining to arbitrability, such as unconscionability (ECF 14, p. 2), under the clear and unmistakable terms of the arbitration agreement, those issues are for the arbitrator to decide. *See HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 322 (W.D. Pa. 2020) (Ranjan, J.) ("Parties can agree to delegate this decision to an arbitrator instead, but

---

[1] The arbitration agreement did allow Ms. Scott to file a complaint with the EEOC, which she did. *Id.* at p. 5 ¶3.

because of the presumption, the delegation must be 'clear and unmistakable.'") (cleaned up); *see also Robinson-Lee v. Omnicare/CVS Health/CVS*, No. 1:21-CV-427, 2022 WL 2293895, at *2 (S.D. Ohio June 7, 2022), *report and recommendation adopted*, No. 1:21-CV-427, 2022 WL 2290539 (S.D. Ohio June 24, 2022) (holding that same delegation language of "disputes arising out of or relating to the validity, enforceability, or breach of this [Agreement]" is clear and unmistakable delegation language).

For the foregoing reasons, CVS's motion to compel arbitration is **GRANTED**.[2] The Court **DISMISSES** this case, without prejudice to Ms. Scott to file a claim in arbitration. The Clerk of Court is directed to mark this case as **CLOSED**.

DATE: November 4, 2022                                                BY THE COURT:

                                                                      /s/ *J. Nicholas Ranjan*
                                                                      United States District Judge

---

[2] Ms. Scott also filed a "Motion for Summary Judgment," which the Court construed as her response to CVS's motion to compel arbitration. By operation of this order, the motion for summary judgment will be denied.